OPINION OF THE COURT
Dan Lamont, J.
This is an application pursuant to Family Court Act § 236 for special educational services for the above-named preschool child with handicapping conditions. The County of Schoharie has not opposed the granting of the special educational services applied for.
The New York State Legislature recently enacted Education Law § 4410 (L 1989, ch 243) effective July 1, 1989 which transfers the responsibility for determining a three- or four-year-old preschool child’s needs for special educational ser *820 vices from the Family Court to a local preschool special education committee (CPSE). The Governor signed the new legislation into law on July 5, 1989.
Laws of 1989 (ch 243) was effective July 1, 1989; however, the law provides that the Family Court retains jurisdiction over petitions initiated with the Family Court prior to August 1, 1989 (Education Law § 4410 [6] [b]).
Education Law § 4410 (6) (b) provides in applicable part as follows:
"(i) The provisions of this paragraph shall apply to any child otherwise eligible to receive services pursuant to this section whose parent has initiated a petition with the family court or its designee prior to August first, nineteen hundred eighty-nine, pursuant to section two hundred thirty-six of the family court act, for such a child not previously served, or to modify the services for such a child previously served in the nineteen hundred eighty-eight — eighty-nine school year, pursuant to such section two hundred thirty-six of the family court act.
"(ii) The family court shall retain jurisdiction over any petition initiated prior to August first as set forth in subparagraph (i) of this paragraph”. (Emphasis supplied.)
An informational memorandum dated "August 1989” from Thomas B. Neveldine, Acting Assistant Commissioner for Education of Children with Handicapping Conditions, contains the following statements and information:
"Preschool Children Who Have Received
Court Ordered Services Prior to July 1,1989
"For the 1989-90 school year, eligible preschool children with handicapping conditions who received services under court order this past school year when they were two or three years old are eligible to remain in the ten- or twelve-month program in which they were enrolled during 1988-89, if the program is now approved by the State Education Department and the type and level of special education services received is continued. * * * The same provisions apply if a child received services under court order during 1988-89 and a petition was filed with the Family Court or its designee by August 1, 1989 for a modification of services.
"Preschool Children Who Have Not Received
Court Ordered Services Prior to July 1, 1989.
"Eligible children with handicapping conditions who did not *821 receive services during the 1988-89 school year may receive them during the 1989-90 school year through an order of the Family Court if the parents filed a petition with the Family Court or its designee prior to August 1, 1989. * * *
"Eligible preschool children who have not received services under court order during the 1988-89 school year and whose parents did not file a petition with the Family Court prior to August 1, 1989 will need to be referred to the local district CPSE for review, determination of eligibility, and program recommendation for the 1989-90 school year.”
The petition for special educational services for Martin K., a three-year-old preschool child, was not received and filed in the Schoharie County Family Court until August 8, 1989. Martin K. has not received court-ordered services prior to July 1, 1989.
According to the plain language of the statute, which divests the Family Court of jurisdiction to determine the special educational needs of children three and four years of age, the Family Court does not retain jurisdiction over petitions initiated with the Family Court on or after August 1, 1989 (Education Law § 4410 [6] [b]).
The Schoharie County Family Court certainly has no desire to deprive this preschool child of needed special educational services nor to delay the application process; however, the New York State Legislature in June 1989 clearly and unequivocally established that the Family Court no longer retains jurisdiction in such cases where the petition is not actually filed prior to August 1, 1989. Such child must be referred to the local school district committee on preschool special education for review, determination of eligibility, and program recommendation for the 1989-1990 school year.
For the foregoing reasons, the Family Court is without jurisdiction to approve the within petition for special educational services, which must accordingly be dismissed and denied.